IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

REALITI COURSON,

   Plaintiff,

    v.         CASE NO.  21-3270-SAC

RENO COUNTY BOARD OF
COMMISSIONERS, et al.,

   Defendants.

<u>MEMORANDUM AND ORDER
AND ORDER TO SHOW CAUSE</u>

  Plaintiff Realiti Courson is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why her first and second claims for relief should not be dismissed as barred by the statute of limitations.

**I.  Nature of the Matter before the Court**

  Plaintiff brings this action under 42 U.S.C. § 1983, and relevant state torts, arising out of injuries suffered by Plaintiff while she was detained at the Reno County Detention Center in Hutchinson, Kansas ("RCDC").

  Plaintiff alleges in her Complaint that she stipulated to a probation violation on August 9, 2019, and was given a 30-day jail sanction.  She alleges that while at the RCDC she was subjected to excessive force and assaulted by jail staff on August 20, 2019.

  Plaintiff claims that seventeen days after the Sheriff received a letter from Plaintiff's lawyer advising him of the unreasonable force used against Plaintiff on August 20-21, 2019, and requesting the preservation of both physical evidence and electronically stored information that

1

may contain evidence of the interaction between detention staff and Plaintiff, the Sheriff's Department retaliated by presenting an affidavit to the District Attorney's Office claiming that Plaintiff had criminally threatened Deputy Hazell and Sashene Bolton, and had interfered with law enforcement and obstructed official duty. Plaintiff alleges that she was arrested on these three false felony charges and proceeded to jury trial. On March 29, 2021, Plaintiff was found not guilty by jury of all charges. The defense argued that these charges were based on fiction designed to protect the Sheriff from this anticipated civil suit.

Plaintiff's first claim for relief alleges constitutional violations under § 1983 based on the August 20, 2019 assault.  Plaintiff's second claim for relief is based on a failure to train which resulted in the assault.  Plaintiff's third claim for relief is based the alleged malicious prosecution for which she was found not guilty on March 30, 2021.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson,* 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings

drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the

complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

The statute of limitations applicable to § 1983 actions is determined from looking at the appropriate state statute of limitations and tolling principles. *See Hardin v. Straub*, 490 U.S. 536, 539 (1989). "The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983. . . . In Kansas, that is the two-year statute of limitations in Kan. Stat. Ann. § 60–513(a)." *Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted). The same two-year statute of limitations governs actions under 42 U.S.C. § 1985. *See Alexander v. Oklahoma*, 382 F.3d 1206, 1212 (10th Cir.), *rehearing denied*, 391 F.3d 1155 (10th Cir. 2004), *cert. denied*, 544 U.S. 1044 (2005).

While state law governs the length of the limitations period and tolling issues, "the accrual date of a § 1983 cause of action is a question of federal law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action." *Id.* (internal quotation marks and citation omitted). In other words, "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent."

4

*Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotation marks and citation omitted), *cert. denied* 549 U.S. 1059 (2006).  A district court may dismiss a complaint filed by an indigent plaintiff if it is patently clear from the allegations as tendered that the action is barred by the statute of limitations.  *Id*. at 1258–59; *see also Jones v. Bock*, 549 U.S. 199, 214 (2007); *Hawkins v. Lemons*, No. 09-3116-SAC, 2009 WL 2475130, at *2 (D. Kan. Aug. 12, 2009).

It plainly appears from the face of the Complaint that Plaintiff's first and second claims for relief are subject to dismissal as barred by the applicable two-year statute of limitations. Plaintiff filed her Complaint on November 24, 2021.  Plaintiff alleges a failure to train and a resulting assault that occurred on August 20, 2019.  It thus appears that any events or acts of Defendants taken in connection with Plaintiff's claims took place more than two years prior to the filing of Plaintiff's Complaint and are time-barred.  *See Fratus v. Deland*, 49 F.3d 673, 674- 75 (10th Cir. 1995) (district court may consider affirmative defenses *sua sponte* when the defense is obvious from the face of the complaint and no further factual record is required to be developed).  Plaintiff has not alleged facts suggesting that she would be entitled to statutory or equitable tolling.  Plaintiff should show good cause why her first and second claims for relief should not be dismissed as barred by the applicable statute of limitations.

## IV.  Response Required

Plaintiff is required to show good cause why her first and second claims for relief should not be dismissed as barred by the statute of limitations.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff  is   granted   until **January 5, 2022,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's first and second claims for relief should not be dismissed as barred by the statute of limitations.

5

**IT IS SO ORDERED**.

**Dated December 1, 2021, in Topeka, Kansas.**

**S/ Sam A. Crow**
**SAM A. CROW**
**SENIOR U. S. DISTRICT JUDGE**